IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 22-1499

LINDA MIGLIORI, et al.,

Appellants,

v.

LEHIGH COUNTY BOARD OF ELECTIONS, et al.,

Appellees.

Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 5:22-cv-00397
Honorable Joseph F. Leeson, Jr.

**AMICUS BRIEF OF THE COMMONWEALTH OF PENNSYLVANIA IN SUPPORT OF APPELLANTS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL**

JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania

MICHAEL J. FISCHER
Chief Counsel and Executive Deputy
Attorney General
JACOB B. BOYER
Deputy Attorney General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(267) 768-3968
jboyer@attorneygeneral.gov

March 21, 2022

## TABLE OF CONTENTS

STATEMENT OF INTEREST ........................................................................... 1
ARGUMENT ..................................................................................................... 1
CONCLUSION .................................................................................................. 7

## STATEMENT OF INTEREST

This matter raises important questions concerning the interplay of federal voting rights law and the Commonwealth of Pennsylvania's election procedures. The parties have invoked the Commonwealth's position with respect to these matters in their briefing before this Court. *See* Appellants' Emergency Motion at 24, 27 (ECF No. 6-1); Intervenor-appellee Response in Opp'n ("Response") at 7 n.2 (ECF No. 11-1). The Commonwealth therefore respectfully submits this brief to address these issues and, in particular, to correct certain inaccurate statements in the brief submitted by Intervenor-appellee about the state of Pennsylvania law. *See* Response at 5-7 & n.2.[1]

Further, the Commonwealth of Pennsylvania has an interest in properly resolving whether "undated ballots"—the sort of ballots at issue here—should be counted and included in a county's election results. This derives from the Commonwealth's further interest in all its political subdivisions' lawfully exercising their authority. Finally, the Commonwealth has an interest in ensuring all Pennsylvanians who lawfully cast a ballot have their voted counted.

## ARGUMENT

This Court should grant appellants' emergency motion for an injunction so that it may address the critical and meritorious voting rights questions appellants

---

[1] No party authored this brief in any part or contributed money for the preparation of this brief.

raise, and so that the Commonwealth of Pennsylvania's elections can proceed in accord with federal law and with needed certainty. The Commonwealth agrees with appellants that the district court incorrectly concluded that 52 U.S.C. § 10101(a)(2)(B) may not be enforced by private parties, and also agrees that ordering a county to void undated ballots violates that federal provision. This Court should enter an injunction pending appeal because the appellants are likely to succeed on the merits, and to allow the Court time to address these important questions.

In consecutive general elections, some Pennsylvania counties have included in their election results lawfully cast absentee and mail-in ballots even if the voter did not date the outer envelope used to return the ballot, while other counties have not. Although the respective decisions have generated multiple lawsuits, Pennsylvania courts have not yet definitively resolved whether Pennsylvania law requires counties to include so-called "undated ballots" in their election results. Litigation over that question remains on-going. *See, e.g., Montgomery Cnty. Bd. of Elections v. Chapman*, 339 MD 2021 (Oct. 1, 2021 Pa. Commw. Ct.).

Independent of what state law requires, final resolution of whether to count undated ballots also demands analyzing if, as a matter of federal law, the date a voter is asked to include on a ballot return envelope is "material in determining

whether such individual is qualified under State law to vote in such election." 52 U.S.C. § 10101(a)(2)(B). To date, no court has squarely addressed that question.

The Commonwealth of Pennsylvania has participated in this litigation, as it did in related state-court litigation, to explain why the date a voter is asked to place on their ballot return envelope does not in any way aid in determining that voter's qualification to vote under Pennsylvania law. *See* App'x at 191-96. If the Court grants appellants' motion for an injunction, the Commonwealth would again participate as amicus to describe what Pennsylvania election law requires, why the date on a voter's return envelope is immaterial, and why no one, including the parties in this case, has plausibly argued otherwise.

Intervenor-appellee's assertion that "as a matter of [Pennsylvania] law, the date is material," *see* Response at 5-7 & n.2, is incorrect.[2] In fact, *no* Pennsylvania court has conclusively analyzed whether the date on a voter's return envelope is "material in determining whether such individual is qualified under State law to vote in such election," for purposes of § 10101(a)(2)(B). The analysis that has been done supports the immateriality of the date.

---

[2] Intervenor-appellee's arguments about proper interpretation of § 10101(a)(2)(B) are similarly mistaken, including patently incorrect claims about what federal courts have "uniformly" held, Response at 11; *see also id.* at 13, and arguments about § 10101(a)(2)(B)'s "plain language" that are based on statutory headings rather than statutory text, *id.* at 10-11.

3

The *only* Pennsylvania Supreme Court case to consider whether Pennsylvania counties may count undated ballots resulted in no majority opinion, with the Court holding that, as a matter of Pennsylvania law, undated ballots would be counted for the 2020 election. *In re Canvass of Absentee & Mail-in Ballots of Nov. 3, 2020 Gen. Election*, 241 A.3d 1058, 1079 (Pa. 2020) (opinion announcing judgment of the Court). Although application of § 10101(a)(2)(B) was not squarely before the Court, a majority of the Justices acknowledged that interpreting the Pennsylvania Election Code to require voiding undated ballots could offend § 10101(a)(2)(B). *In re Canvass of Absentee & Mail-in Ballots of Nov. 3, 2020 Gen. Election*, 241 A.3d 1058, 1074 n.5 (Pa. 2020) (opinion announcing judgment of the Court); *id.* at 1089 n.54 (Wecht, J., concurring and dissenting). The Court's plurality opinion described one party as having argued with "persuasive force" that there would be a conflict, *id.* at 1074 n.5, further noting that "a signed but undated declaration . . . does not implicate any weighty interest," *id.* at 1078. A minority of the Court, in dissent, suggested that the date written on the outer envelope served important purposes, but the accompanying explanations made inaccurate assumptions about Pennsylvania elections, *id.* at 1090 (Dougherty, J., concurring and dissenting).[3]

---

[3] While not specifically ruling on the merits, the district court here relied on the dissent to conclude that the date requirement "is an important guard against fraud." App'x at 29. This claim, too, reflects a misunderstanding of Pennsylvania

4

And the *only* Pennsylvania Commonwealth Court decision to directly address § 10101(a)(2)(B) agreed that a ballot envelope's date "does not, in any way, relate to whether that elector has met the qualifications necessary to vote in the first place," despite incorrectly holding in a nonprecedential decision that the federal statute applies to only voter registration laws. *Ritter v. Lehigh Cnty. Bd. of Elections*, 1322 CD 2021, 2022 WL 16577 (Pa. Commw. Ct. Jan. 3, 2022). The dissenting judge in *Ritter* likewise described the date on the ballot envelope a "technicality" akin to the color ink a voter uses. *Id.* at *11 (Wojcik, J., dissenting).

The remaining Commonwealth Court case that intervenor-appellee cites, another nonprecedential decision, decided only that the Pennsylvania Supreme Court's fractured 2020 decision demanded that the Commonwealth Court void undated ballots as a matter of Pennsylvania law. *In re Election in Region 4 for Downingtown Sch. Bd. Precinct Uwchlan 1*, No. 1381 CD 2021, 2022 WL 96156, at *3 (Pa. Commw. Ct. Jan. 10, 2022). The lone judge in that case to consider what purpose the date rule serves agreed that the date on a ballot envelope is an insignificant technicality. *Id.* at *7-10 (Covey, J., concurring and dissenting).

---

law. The requirement that a voter date the outer envelope could not, in any way, protect against fraud. Under Pennsylvania law, whether a ballot is timely depends on when it is *received*, not when it is filled out by the voter. 25 P.S. §§ 3146.6(c), 3150.16(c). Counties do not look to the date written on the outer envelope to determine whether a ballot is timely, so "back-dating" an envelope or otherwise writing an inaccurate date on it would accomplish nothing for purposes of determining a voter's eligibility. Indeed, as discussed below, *infra* at 6, Pennsylvania counts ballots with dates that are obviously incorrect.

5

Similarly, the Pennsylvania Department of State has instructed counties to count ballots with dates that are obviously "wrong"—such as those in which the voter wrote the wrong year, or mistakenly wrote their date of birth—further underscoring that the date itself is not relevant. *See* Email from Jonathan Marks, Deputy Secretary for Elections & Commissions, Dep't of State, to County Election Officials (June 1, 2021), Exh. 6 to Plfs.' Compl. (ECF No. 1-8), *Migliori v. Lehigh Cnty. Bd. of Elections*, No. 5:22-cv-00397-JFL (E.D. Pa. Jan. 31, 2022).

Thus, whether the date included on a ballot return envelope is "material" for purposes of § 10101(a)(2)(B), and whether that federal statute prohibits disenfranchising voters because of a trivial error, very much presents a meritorious question warranting the injunction needed for this Court's review. And while the district court described the predicate question—whether there is a private right of action to enforce §10101(a)(2)(B)—as not "particularly close," App'x at 34, the only two circuit courts to consider that issue reached opposing conclusions. *Compare Schwier v. Cox*, 340 F.3d 1284, 1294-97 (11th Cir. 2003) *with McKay v. Thompson*, 226 F.3d 752, 756 (6th Cir. 2000). The Commonwealth respectfully submits that an injunction is appropriate to permit the Court to address the district court's errors.

## CONCLUSION

For the reasons above, appellants' emergency motion for an injunction pending appeal should be granted.

March 21, 2022

Respectfully submitted,

JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania
MICHAEL J. FISCHER
Chief Counsel and Executive
Deputy Attorney General

/s/ *Jacob B. Boyer*
JACOB B. BOYER
Deputy Attorney General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(267) 768-3968
jboyer@attorneygeneral.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this amicus brief has been served on all counsel of record using the Court's CM/ECF system.

/s/ *Jacob B. Boyer*