IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————————

Case No. 22-1499

———————————————

LINDA MIGLIORI; FRANCIS J. FOX; RICHARD E. RICHARDS;
KENNETH RINGER; SERGIO RIVAS,
Appellants

v.

ZACHARY COHEN,
Intervenor – Plaintiff

v.

LEHIGH COUNTY BOARD OF ELECTIONS,
Appellee

v.

DAVID RITTER,
Intervenor – Defendant

———————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 5:22-cv-00397
District Judge: Honorable Joseph F. Leeson

———————————————

Appellants' Motion for Attorneys' Fees

———————————————

Plaintiffs Linda Migliori, Francis J. Fox, Richard E. Richards, Kenneth Ringer, and Sergio Rivas (collectively, "Plaintiff-Voters") brought this action under 42 U.S.C. § 1983 to compel Defendant Lehigh Board of Elections ("the Board") to count Plaintiff-Voters' mail ballots from the November 2021 election. Plaintiff-Voters successfully obtained an injunction that resulted in Plaintiff-Voters getting the precise relief they wanted – the Board counted their ballots pursuant to a court order that was not overturned or reversed on the merits. Plaintiff-Voters, therefore, are prevailing parties entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988. For the reasons set forth herein, Plaintiff-Voters respectfully request a reasonable attorneys' fees award of $248,404.00.[1]

## I.    BACKGROUND

In litigation among individual candidates and the Board, the Pennsylvania Commonwealth Court had ruled against counting Plaintiff-Voters' and other voters' mail ballots that had been submitted without a handwritten date on the return envelope. Plaintiff-Voters then immediately initiated this action because

---

[1]    Plaintiff-Voters on August 5, 2022 filed a consent motion to extend Plaintiff-Voters' time to file a petition, until 30 days after final resolution of the matter by the Supreme Court. On October 11, 2022, the Supreme Court finally resolved this matter by entering an order vacating this Court's order and remanding with instructions to dismiss the case as moot. Based on the parties' consent motion, the deadline to file an application for fees and costs, therefore, is November 10, 2022. This Court has not ruled on that consent motion.

disqualifying such ballots would violate their rights under the First and Fourteenth Amendments to the U.S. Constitution and the Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B).  Despite the Board having consistently argued in the state court litigation that such ballots should be counted, the Board in this action changed its position and opposed Plaintiff-Voters' arguments throughout this case.

The district court initially granted summary judgment in favor of the Board, holding that the handwritten date requirement does not pose an undue burden on Plaintiff-Voters' constitutional right to vote, and that Plaintiff-Voters lack capacity to bring suit under § 10101.  Plaintiff-Voters appealed the decision regarding § 10101.  This Court reversed, holding that Plaintiff-Voters have capacity to bring suit under § 10101.  This Court further held that disqualifying mail ballots for having no date on the return envelope in this instance would violate the Materiality Provision of § 10101.  This Court remanded to the district court with instructions to enter an order that the ballots with undated envelopes be counted.

Intervenor-Defendant David Ritter then filed in the Supreme Court an emergency application to stay this Court's judgment.  The Board took no position on that application for stay.  After the Supreme Court denied the stay, the district court entered judgment in favor of Plaintiff-Voters in accordance with this Court's mandate, and ordered the Board to count the ballots with undated envelopes at

issue in this case. The Board then counted Plaintiff-Voters' and other voters' mail ballots that had undated return envelopes, and certified the election results.

Ritter then filed a petition for writ of certiorari, asking the Supreme Court to vacate this Court's decision as moot. The Board filed a response with no argument, stating that the Board adopted in full the arguments set forth in Ritter's petition. On October 11, 2022, the Supreme Court without opinion granted Ritter's petition and vacated this Court's judgment on mootness grounds, leaving the merits of the decision undisturbed. The Supreme Court remanded with instructions to dismiss the case as moot. Neither the Board nor Ritter sought Supreme Court review of the merits of the case.

## II.    ARGUMENT

### A. Plaintiff-Voters are Prevailing Parties

Prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983 are entitled to recover attorneys' fees under 42 U.S.C. § 1988. "[I]t is well settled that a prevailing plaintiff should recover an award of attorney's fees absent special circumstances." *Truesdell v. Phila. Hous. Auth.*, 290 F.3d 159, 163 (3d Cir. 2002). "Prevailing parties" are those who "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A key consideration is whether there is a "material alteration of the legal relationship of the parties." *Truesdell*, 290 F.3d at

163 (quoting).  The plaintiff must prove "the settling of some dispute which affects the behavior of the defendant towards the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 110 (1980) (citation omitted).

Where a plaintiff successfully obtains injunctive relief and the case becomes moot pending appeal as a result of the defendant's compliance with the injunction, the plaintiff remains a prevailing party entitled to recover attorneys' fees. *See Bagby v. Beal*, 606 F.2d 411, 414-15 (3d Cir. 1979).  In *Bagby*, the plaintiff successfully obtained an injunction from the district court ordering the defendant to provide a hearing to comply with due process. *Id.* at 413.  The district court did not act on the defendant's motion to stay the injunction, resulting in the defendant providing a hearing that made the case moot. *Id.*  The Third Circuit vacated the district court's judgment as moot, but affirmed the district court's award of attorneys' fees. *Id.* at 414-15.  The plaintiff was a prevailing party because the district court found in her favor and, as a result, the defendant provided the hearing the plaintiff requested. *Id.* at 415.  "This holding is not dependent on the correctness of the district court's decision on the merits.  No future proceedings involving the merits of the controversy will change this result . . . ." *Id.*[2]

---

[2]  *See also Grabarczyk v. Stein*, 32 F. 4th 301, 307 (4th Cir. 2022) ("[W]hen a state ceases the activity challenged in a lawsuit after a court has ruled on the lawfulness of the activity and in response to that ruling, the plaintiff has prevailed for purposes of § 1988."); *Libertarian Party of Ark. v. Martin*, 876 F.3d 948 (8th Cir. 2017) (vacating district court judgment as moot, but

Similarly here, Plaintiff-Voters sought and successfully obtained an injunction ordering Defendant Lehigh County Board of Elections to count Plaintiff-Voters' ballots. After the Supreme Court denied Intervenor David Ritter's Emergency Application for Stay of that injunction, the Board complied with the injunction and counted Plaintiff-Voters' ballots, rendering Plaintiff-Voters' claims moot.[3] The Supreme Court then vacated the Third Circuit's decision as moot.

Plaintiff-Voters, nonetheless, are prevailing parties entitled to attorneys' fees. Like the plaintiff in *Bagby*, Plaintiff-Voters successfully obtained an injunction that resulted in Plaintiff-Voters getting the precise relief they wanted – the Board counted their ballots pursuant to a court order that was not overturned or reversed on the merits. "No future proceedings involving the merits of the

---

affirming order awarding fees and costs); *Green Party of Tenn. v. Hargett*, 767 F.3d 533, 552 (6th Cir. 2014) ("When plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still prevailing parties for the purposes of attorney's fees for the district court litigation." (quoting *Diffenderfer v. Gomez–Colon*, 587 F.3d 445, 454 (1st Cir. 2009)); *Diffenderfer*, 587 F.3d 445, 453 (1st Cir. 2009) ("[I]n the mootness context, a 'prevailing party' is a party who managed to obtain a favorable, material alteration in the legal relationship between the parties *prior* to the intervening act of mootness.").

[3] The Board took no position on Ritter's Emergency Application for Stay. The Board also never sought from the Supreme Court review on the merits of the Third Circuit's decision.

controversy will change this result . . . ." *Bagby*, 606 F.2d at 415.  The Supreme

Court did not consider this case on the merits, and whether the Supreme Court

would have agreed or disagreed with the Third Circuit on the merits is irrelevant

for determining prevailing party status.  *See id.*

### B. Plaintiffs' Counsel Seek a Reasonable Fee

The appropriate amount of fees to award is determined by the recognized

"lodestar" method, "multiplying the number of hours reasonably expended on the

litigation times a reasonable hourly rate."  *Blum v. Stenson*, 465 U.S. 886, 888

(1984).  "The lodestar is presumed to be the reasonable fee."  *Rode v.

Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Blum*, 465 U.S. at 897).

The party seeking fees must submit evidence supporting the hours worked

and the rates claimed.  Attached as exhibits are declarations of Plaintiff-Voters'

attorneys, documenting each attorneys' experience, hourly rate, and time spent on

this case.

1.    <u>The Rates Charged Are Reasonable</u>

In passing the fee-shifting provisions in 42 U.S.C. § 1988, Congress

intended that civil rights lawyers should be compensated at the same market rate as

lawyers handling other types of "complex Federal litigation":

> It is intended that the amount of fees awarded . . . be
> governed by the same standards which prevail in other
> types of equally complex Federal litigation, such as anti-

> trust cases [,] and not be reduced because the rights
> involved may be nonpecuniary in nature.

*Hensley*, 461 U.S. at 430 n.4.  With respect to the rates charged, "[t]he general rule is that a reasonable hourly rate is calculated according to the prevailing market rates in the community." *Washington v. Phila. Cty. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996).  In determining the reasonableness of an attorney's rate, the court should consider the experience and skill of the attorney and compare the attorney's rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.

Accordingly, Plaintiffs are entitled to recover attorneys' fees based on prevailing rates for attorneys of similar skill and experience in the Philadelphia market.  The fee schedule published by Community Legal Services (CLS) is "a fair reflection of the prevailing market rates in Philadelphia."[4]  *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001)).  An attorney's admission to the bar is the relevant starting point for evaluating experience.  *Id.*

The Plaintiffs have been represented in this litigation by attorneys Witold Walczak, Marian K. Schneider, Stephen A. Loney, Jr., Richard T. Ting, and Connor P. Hayes of the ACLU of Pennsylvania, and attorneys Sophia Lin Lakin,

---

[4]    The CLS fee schedule, available at https://clsphila.org/about-community-legal-services/attorney-fees/, was last updated on July 1, 2018.

8

Adriel I. Cepeda Derieux, and Ari Savitzky of the ACLU Voting Rights Project.

The fees for each attorney are calculated using the lodestar method are as follows:

| Attorney | Years of Experience | Time | Hourly Rate | Amount |
|---|---|---|---|---|
| Adriel I. Cepeda Derieux | 12 | 68.00 | $ 400 | $ 27,200.00 |
| Connor P. Hayes | 1 | 43.00 | $ 200 | $ 8,600.00 |
| Sophia Lin Lakin | 10 | 29.90 | $ 360 | $ 10,764.00 |
| Stephen A. Loney, Jr. | 18 | 93.10 | $ 525 | $ 48,877.50 |
| Ari Savitzky | 11 | 216.50 | $ 375 | $ 81,187.50 |
| Marian K. Schneider | 35 | 38.75 | $ 750 | $ 29,062.50 |
| Richard T. Ting | 17 | 33.50 | $ 475 | $ 15,912.50 |
| Witold J. Walczak | 36 | 47.20 | $ 750 | $ 35,400.00 |
| **TOTAL** | | **569.95** | | **$ 257,004.00** |
| **AMOUNT CLAIMED\*** | | **526.95** | | **$ 248,404.00** |

*Plaintiff-Voters' attorneys have exercised their billing discretion and do not seek recovery of attorneys' fees for Connor P. Hayes's time.

Witold Walczak is the legal director of the ACLU of Pennsylvania.  Mr. Walczak graduated *cum laude* from Boston College Law School in 1986 and has practiced exclusively in the areas of civil rights and constitutional law since then. Mr. Walczak bills at $750 per hour for this case.  Although this rate exceeds the $650-700 range provided by the 2018 CLS fee schedule for lawyers with more than 25 years of experience, Mr. Walczak's $750 hourly rate is reasonable in light of his 32 years of experience exclusively in civil rights and constitutional law litigation and the four years that have passed since the CLS fee schedule was last

updated. *See MP ex rel. VC v. Parkland Sch. Dist.*, No. 5:20-cv-4447, 2021 WL
5177012, at *7 (E.D. Pa. Nov. 5, 2021) (determining reasonable rates by
considering both CLS fee schedule and individual attorneys' specialized
experience). Mr. Walczak's Declaration is attached hereto as **Exhibit A**.

Marian K. Schneider is Senior Voting Rights Policy Counsel with the ACLU
of Pennsylvania. Ms. Schneider has substantial experience in elections and voting
rights policy, and has litigated several high-impact voting rights cases in
Pennsylvania. From 2015 to 2017, Ms. Schneider served as the Deputy Secretary
for Elections and Administration at the Pennsylvania Department of State. She
also was appointed Special Advisor on Election Policy to Governor Tom Wolf.
Her law practice has primarily focused on election law and voting rights since
2006. Ms. Schneider earned her J.D. from The George Washington University
Law School in 1987 and her B.A. degree from the University of Pennsylvania.
Ms. Schneider bills at $750 per hour for this case. Although this rate exceeds the
$650-700 range provided by the 2018 CLS fee schedule for lawyers with more
than twenty-five years of experience, Ms. Schneider's $750 hourly rate is
reasonable in light of her 35 years of experience, including 16 years of specialized
experience in Pennsylvania and federal election law, and the four years that have
passed since the CLS fee schedule was last updated. *See MP*, 2021 WL 5177012,
at *7 (determining reasonable rates by considering both CLS fee schedule and

individual attorneys' specialized experience).  Ms. Schneider's Declaration is attached hereto as **Exhibit B**.

Stephen A. Loney, Jr. is a Senior Supervising Attorney with the ACLU of Pennsylvania.  He has 18 years of litigation experience, including practicing commercial litigation for 16 years at large law firms.  Before leaving private practice to pursue civil rights work full time, Mr. Loney was the Pro Bono Liaison Partner for Hogan Lovells' Philadelphia office and the Group Manager for the firm's award-winning Philadelphia Litigation Group, where his billable rate routinely exceeded $900-1,000 per hour.  Mr. Loney earned his law degree from the New York University School of Law in 2004 and his undergraduate degree from St. Joseph's University in 2001.  He also clerked for the Honorable Franklin Van Antwerpen on the U.S. Court of Appeals for the Third Circuit.  Mr. Loney's $525 hourly rate for this case is consistent with the 2018 CLS fee schedule, which provides an hourly rate range of $475-530 for lawyers with 16-20 years of experience.  Mr. Loney's Declaration is attached hereto as **Exhibit C**.

Richard T. Ting is a Staff Attorney with the ACLU of Pennsylvania.  He has 17 years of federal litigation experience, in private practice with both global and small law firms, with non-profit civil rights organizations like the ACLU of Pennsylvania, and as a judicial law clerk.  Mr. Ting has litigated cases involving disability rights, civil rights, and intellectual property.  He also clerked for U.S.

District Judge Cathy Bissoon of the U.S. District Court for the Western District of Pennsylvania.  He earned his law degree from Harvard Law School in 2005, a master's degree from the Massachusetts Institute of Technology in 2001, and an undergraduate degree from Brown University in 2000.  Mr. Ting's $475 hourly rate for this case is consistent with the 2018 CLS fee schedule, which provides an hourly rate range of $475-530 for lawyers with 16-20 years of experience.  Mr. Ting's Declaration is attached hereto as **Exhibit D**.

Connor P. Hayes earned his bachelor's degree from the University of Notre Dame in 2016 and his J.D. from Stanford Law School in 2021.  From 2021-2022, Mr. Hayes was a Legal Fellow with the ACLU of Pennsylvania, where his practice focused on civil rights litigation.  Mr. Hayes's $220 hourly rate for this case is consistent with the 2018 CLS fee schedule, which provides an hourly rate range of $200-220 for lawyers with under 2 years of experience.  Applying a $200 hourly rate, the lowest rate on the CLS fee schedule, the 43.0 hours of time Mr. Hayes worked on this case has a value of at least $8,600.00.  Plaintiff-Voters, nonetheless, in exercising billing discretion, do not seek a fee recovery for Mr. Hayes's time.

Ari Savitzky has 11 years of experience, having graduated from law school in 2011.  After graduating from law school, he clerked for two years for federal judges in the Southern District of New York and the Second Circuit.  He was

admitted to practice in 2012 in New York and has been practicing since 2013 when his second clerkship ended. He practiced for six years as a litigator at WilmerHale in New York and Washington, D.C., focusing on Supreme Court and appellate litigation as well as commercial litigation matters. He then practiced for two years in the Office of the Attorney General for the State of New York as an Assistant Solicitor General, handling civil appellate matters. For the last year, Mr. Savitzky has litigated voting rights cases as a Senior Staff Attorney at the ACLU's Voting Rights Project. Mr. Savitzky's hourly rate of $375 for this case is consistent with the 2018 CLS fee schedule, which provides an hourly rate range of $375-450 for lawyers with 11-15 years of experience. This rate is lower than the prevailing market rate for an attorney with a similar level of experience in Mr. Savitzky's home market of New York City. Mr. Savitzky's Declaration is attached hereto as **Exhibit E**.

Adriel I. Cepeda Derieux is a Senior Staff Attorney with the ACLU Voting Rights Project, where his practice is devoted exclusively to the protection and expansion of voting rights. Mr. Cepeda Derieux has been in this position since 2018. Mr. Cepeda Derieux has 12 years of experience of litigation experience, in private practice, as a law clerk for the Honorable Juan R. Torruella of the U.S. Court of Appeals for the First Circuit, and as a law clerk for the Honorable Theodore A. McKee of the U.S. Court of Appeals for the Third Circuit, and with

the ACLU Voting Rights Project. Mr. Cepeda Derieux earned a Bachelor of Arts degree from Williams College in 2005, and a Juris Doctor from Columbia Law School in 2010. Mr. Cepeda Derieux's hourly rate of $400 for this case is consistent with the 2018 CLS fee schedule, which provides an hourly rate range of $375-450 for lawyers with 11-15 years of experience. This rate is lower than the prevailing market rate for an attorney with a similar level of experience in Mr. Cepeda Derieux's home market of New York City. Mr. Cepeda Derieux's Declaration is attached hereto as **Exhibit F**.

Sophia Lin Lakin has been the Interim Co-Director of the ACLU Voting Rights Project since April 1, 2020. Ms. Lakin has 10 years of experience – one year as a law clerk for the Honorable Carol Bagley Amon of the Eastern District of New York, one year as a law clerk to the Honorable Raymond J. Lohier, Jr. of the Second Circuit Court of Appeals, and over seven years with the ACLU Voting Rights Project. Her practice with the Voting Rights Project is devoted exclusively to the protection and expansion of voting rights. Ms. Lakin obtained a Bachelor of Arts and Master of Science degrees from Stanford University in 2004. She earned a Juris Doctor degree from Stanford Law School in 2012. Ms. Lakin's hourly rate of $360 for this case is consistent with the 2018 CLS fee schedule, which provides an hourly rate range of $280-360 for lawyers with 6-10 years of experience. This rate is lower than the prevailing market rate for an attorney with a similar level of

experience in Ms. Lakin's home market of New York City.  Ms. Lakin's

Declaration is attached hereto as **Exhibit G**.

Plaintiffs, therefore, request hourly rates from $360 to $750, commensurate

with each attorney's skill and experience level.  The rates charged in this matter

were commensurate with those of other attorneys with similar levels of experience

practicing in this Court.  In an effort to minimize the expenditure of additional

time, fees and expenses, Plaintiffs have not included in this submission supporting

affidavits from community lawyers because the process of soliciting these

testimonials can be time-consuming, thus driving up fees.  Accordingly, Plaintiffs

respectfully request that they be given an opportunity to submit the requisite

affidavits to support any rates that Defendants may contest (and of course Plaintiffs

will not object to Defendants having the opportunity to respond thereto).

2.    The Time Spent is Reasonable.

Plaintiffs' attorneys' time sheets are based on notes contemporaneously

maintained and kept in the regular course of business.  Each attorney's time sheet

is attached to their respective declaration.

**III.    CONCLUSION**

For the foregoing reasons, this Court should award Plaintiffs $248,404.00 in

reasonable costs and expenses pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

Dated: November 10, 2022                     s/ Richard T.Ting

Richard T. Ting (PA 200438)
Witold J. Walczak (PA 62976)
ACLU OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
P: 412-681-7864
vwalczak@aclupa.org
rting@aclupa.org

Stephen A. Loney, Jr. (PA 202535)
Marian K. Schneider (PA 50337)
ACLU OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
P: 215-592-1513
sloney@aclupa.org
mschneider@aclupa.org

Ari Savitzky
Adriel I. Cepeda Derieux
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
P: 212-284-7334
asavitzky@aclu.org
acepedaderieux@aclu.org
slakin@aclu.org

Counsel for Appellants Plaintiff-Voters

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limitation of Federal Rule of

Appellate Procedure 27(d)(2) because it contains 3,395 words.


**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this motion is being filed

electronically on the below date using the Court's CM/ECF system, which will

electronically serve all counsel of record by generating and sending a Notice of

Docket Activity.


Dated: November 10, 2022          s/ Richard T. Ting
                                  Richard T. Ting
                                  Counsel for Appellants Plaintiff-Voters