**IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

| | | |
|---|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS, | : : : : | |
| Appellants, | : : | |
| & | : : | No. 22-1499 |
| ZACHARY COHEN, | : : | |
| Intervenor- Plaintiff, | : : | |
| v. | : : | |
| LEHIGH COUNTY BOARD OF ELECTIONS, | : : | |
| Appellee, | : : | |
| & | : : | |
| DAVID RITTER, | : : | |
| Intervenor-Defendant. | : | |

**OPPOSITION TO APPELLANTS' MOTION FOR ATTORNEYS' FEES
FILED BY LEHIGH COUNTY BOARD OF ELECTIONS**

The Lehigh County Board of Elections ("Board"), above-captioned Defendant, respectfully submits this Opposition to the Motion for Attorneys' Fees filed by Appellants,[1] which was remanded to the United States District Court for the Eastern District of Pennsylvania by the United States Third Circuit Court of Appeals.

As set forth in greater detail below, the fees sought by Appellants—which total approximately $250,000 (in addition to the $250,000 in fees sought by Appellants for litigating this matter before the District Court, for a total of approximately $500,000) for drafting briefs and

---

[1] Appellants are Linda Migliori, Francis J. Fox, Richard E. Richards, Kenneth Ringer, and Sergio Rivas.

attending oral argument in a case that did not involve a trial nor a single evidentiary hearing below—is unreasonable and excessive. Therefore, the Court should significantly reduce the requested fees or limit the fees to a nominal award, particularly considering the narrow relief Appellants ultimately obtained here, which consisted of ephemeral success on a single count of their three-count complaint.

Further, although Appellants obtained temporary relief, the United States Supreme Court vacated the relief obtained, which also resulted in the Court taxing costs against Appellants. For these reasons and the reasons set forth more fully below, the Board respectfully submits the Appellants are not entitled to an award of attorney fees as they are not prevailing parties and, even if they were prevailing parties—which they were not—the attorney fee award sought by Appellants is unreasonable and equitably unjustifiable.

## I.    STATEMENT OF FACTS

Linda Migliori, Francis J. Fox, Richard E. Richards, Kenneth Ringer, and Sergio Rivas, above-captioned Plaintiffs (collectively, "Appellants"), filed the instant litigation seeking to have the Lehigh County Board of Elections ("Board") count their mail-in ballots, which lacked the required date on the ballot-return envelope. A quick summation of the historical and procedural posture of this matter, in conjunction with the related state litigation is important for purposes of disposition of the request for attorneys' fees.

In the November 2021 Election, Zachary Cohen, intervenor-Plaintiff, was running for a position on the Court of Common Pleas of Lehigh County against David Ritter, intervenor-Defendant, among others. Consistent with the instructions and direction of the Pennsylvania Department of State, coupled with the Pennsylvania Supreme Court Opinion in In re Canvass of

Absentee and Mail-in Ballots of November 3, 2020 General Election, 241 A.3d 1058 (Pa. 2020), the Chief Clerk to the Board deemed ballots without a date on the ballot-return envelope invalid.

As the race between Cohen and Ritter was very close in number, Cohen challenged the Chief Clerk's decision to set aside the mail-in ballots. Of significant import here, following a hearing, the Board voted 3-0 to canvass (count) the mail-in ballots. Two days later, David Ritter filed an appeal to the Court of Common Pleas of Lehigh County.

Following a hearing and the submission of briefs on all issues raised, including an issue concerning the Materiality Provision of the Civil Rights Act, the Court of Common Pleas issued a decision affirming the Board's decision to count all 261 mail-in ballots. Ritter then filed an appeal to the Commonwealth Court of Pennsylvania.

Ultimately, the Commonwealth Court reversed the decision of the Court of Common Pleas, concluding the mail-in ballots should not be counted. In so doing, the Commonwealth Court addressed the Materiality Provision of the Civil Rights Act, and relied upon the Pennsylvania Supreme Court's decision in In re Canvass of Absentee and Mail-in Ballots of November 3, 2020 General Election, 241 A.3d 1058 (Pa. 2020). Zachary Cohen then filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on January 27, 2022. Ritter v. Lehigh County Board of Elections, No. 9 MAL 2022, (Pa. Jan. 27, 2022), 2022 WL 244122.

Following the Pennsylvania Supreme Court's election not to hear the case, the Commonwealth Court's decision on the merits dictated to the Board that the ballots lacking a date were not to be counted by the Board. However, before the election could be certified by the Board, Plaintiffs, with the assistance of the ACLU, filed the instant litigation in this Court. Given the published position of the Department of State and the Commonwealth Court's decision, the Board took the position to this Court that the ballots should not be counted. This Court ultimately granted

summary judgment in favor of the Board, and the Third Circuit Court of Appeals reversed that decision concluding the disqualification of the ballots for the missing date violated the Materiality Provision of the Civil Rights Act, 52 U.S.C. §10101(a)(2)(B).

Ritter then appealed that decision to the United States Supreme Court and filed an emergency petition for stay. The Board joined in the appeal, but because the stay was denied by the United States Supreme Court, this Court entered judgment in favor of Plaintiffs in accordance with the instructions from the Third Circuit Court of Appeals, and ordered the ballots be counted. Consistent with that Order, the Board counted the votes and certified the election results.

Thereafter, the United States Supreme Court granted certiorari, vacated the decision of the Third Circuit Court of Appeals, and remanded the matter to the Third Circuit with instructions to dismiss the litigation as moot, which it did post. Before the Third Circuit, Appellants filed a Motion for Attorney Fees. The instant filing responds to that Motion.

## II.    STATEMENT OF QUESTIONS INVOLVED

A.  Whether Appellants are considered prevailing parties and entitled to an award of attorney fees under Federal Law.

Suggested Answer:          No.

B.  Whether special circumstances render the award of attorney fees improper.

Suggested Answer:          Yes.

C.  Whether Appellants' request for attorney fees is reasonable under Federal Law.

Suggested Answer:          No.

## III.    SUMMARY OF ARGUMENT

The Board respectfully submits that Appellants in the instant action must not be considered prevailing parties that would permit an award of attorney fees in this matter as a matter of law. The temporary relief obtained by Appellants before the Third Circuit, which was the only court to

afford any relief and which relief was nullified by the Supreme Court vacating that determination, was not sufficiently enduring to qualify Appellants as prevailing parties.

Moreover, the unique nature of the litigation and the stipulated facts renders any type of attorney fees award unjust. Where, as here, special circumstances exist that created new law, saw the law interpreted two different ways, and the action complained of was the result of the express direction of the Department of State and enforceable Court Orders, the Board should not be penalized in the form of an award. As a result, even if Appellants are considered prevailing parties, which is expressly denied, Appellants attorneys fees must not be imposed on the Board as a matter of law.

Lastly, if an award is deemed to be appropriate, which is also expressly denied, the lodestar considerations are such that any award should be reduced to zero, or at best, a nominal amount. Given the procedural and substantive history of the instant litigation, coupled with an outcome that vacated the temporary relief obtained by Appellants, and which resulted in costs being taxed to Appellants, any award of attorney fees is unreasonable, excessive, and unnecessary.

As more fully set forth below, the Board respectfully submits an award of attorney fees in this matter is legally improper, factually inappropriate, and equitably unjustifiable.

## IV.    ARGUMENT

While the Board admits Section 1988, 42 U.S.C. §1988, permits recovery of reasonable attorney's fees when a plaintiff is considered a prevailing party on a claim or claims brought under Section 1983, 42 U.S.C. §1983, Appellants in the instant matter are not prevailing parties. Moreover, even if considered prevailing parties, which is expressly denied, the circumstances of the instant matter should bar such an award. Finally, even if an award is determined to be

appropriate, which is also expressly denied, the fees sought in the instant matter are not reasonable. Each of these issues are addressed in order below.

### A.    Whether Appellants are considered prevailing parties and entitled to an award of attorneys' fees under Federal Law.

Section 1988, 42 U.S.C. § 1988, provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Hensley v. Eckerhart, 461 U.S. 424 (1983) (emphasis added). Section 1988, however, does not define the term "prevailing party." Initially, to be eligible for status as a prevailing party, a plaintiff must have "been awarded some relief by the court." Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 603 (2001).

"The touchstone of the prevailing party inquiry [is] the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." Sole v. Wyner, 551 U.S. 74, 83 (2007); see also Texas State Teachers Assn. v. Garland Independent School Dist., 489 U.S. 782, 792–793, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). Cf. Buckhannon Board & Care Home, Inc. (precedent "counsel[s] against holding that the term 'prevailing party' authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties"). "[L]iability on the merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against, either because of legal immunity or on the merits, Section 1988 does not authorize a fee award against that defendant." Kentucky v. Graham, 473 U.S. 159, 165 (1985).

Therefore, to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. Farrar v. Hobby, 506 U.S. 103, 111. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, Hewitt v. Helms, 482

U.S. 755, 760 (1987), or comparable relief through a consent decree or settlement, <u>Maher v. Gagne</u>, 448 U.S. 122, 129 (1980).  In short, a plaintiff "prevails" when actual relief <u>on the merits</u> of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.  <u>Farrer</u>.  Where relief is legally imposed on the merits, attorney fees can be imposed, within the Court's discretion, unless special circumstances would render such an award unjust.  <u>Newman v. Piggie Park Enterprises, Inc.</u>, 390 U.S. 400 (1968); <u>Truesdell v. Phila. Hous. Auth.</u>, 290 F.3d 159 (3d. Cir. 2022).

However, the settling of the dispute or the judicially obtained relief on the merits obtained cannot be ephemeral.  <u>Sole</u>.  To qualify as a prevailing party where relief is granted at some prior stage of the litigation, the relief must not have been "reversed, dissolved, or otherwise undone by the final decision in the same case."  <u>Id.</u> at 83.

In <u>Sole</u>, the plaintiff obtained a preliminary injunction, but then lost on the merits and a judgment was entered against her.  In concluding plaintiff was not a prevailing party, the Supreme Court noted the plaintiff "won a battle but lost the war."  <u>Id.</u> at 86.

Consistent with this position, the Sixth Circuit specifically addressed when injunctive relief was sufficiently enduring to qualify a plaintiff as a prevailing party.  In a recent decision, that Court held injunctive relief was not "fleeting", when a "court never vacated or dissolved the injunction [provided to plaintiff]."  <u>Tenn. State Conference of the NAACP v. Tre Hargett, et al.</u>, ___ WL ____ (6th Cir., November 22, 2022) (No. 21-6024, recommended for publishing).  In concluding the injunctive relief was enduring for purposes of prevailing party status, the Court held, an injunction that, as a practical matter, concludes the litigation in the plaintiff's favor, <u>and is not challenged on appeal</u> is enduring enough to support prevailing party status.  <u>Id.</u>

Upon examination of the relief obtained by Appellants here, the temporary injunctive relief provided by the Third Circuit Court of Appeals, which was subsequently challenged on appeal and vacated by the United States Supreme Court, can only be said to be fleeting and ephemeral. In vacating the decision of the Third Circuit, the Supreme Court expressly, and within its discretion, nullified Appellants' relief.

The Supreme Court could have dismissed this matter as moot without vacating the lower court's judgment, but it chose not to do so. Such action by the Court is telling and signals that the Supreme Court did not intend for the relief obtained by Appellants to be enduring. In quoting United States v. Munsingwear, Inc., 340 U.S. 36 (1950) in its Order, the remedy provided by the Supreme Court promotes "fairness" by "expung[ing] an adverse decision" that the Board could not get the Court to review. Camreta v. Greene, 563 U.S. 692, 712 & n.10 (2011).

Moreover, the United States Supreme Court specifically taxed the costs against Appellants in its Order, which further shows Appellants did not receive relief on the merits. Stated otherwise, the United States Supreme Court deliberately nullified the adverse decision of the Third Circuit Court of Appeals, and an no judgment was ever entered against the Board. Where, as here, Appellants failed to obtain any judicial sanctioned relief as a result of the litigation, Appellants must not be considered prevailing parties. Stated otherwise, Appellants won a battle, but lost the war, and should not be considered a prevailing party as a matter of law. Sole.

Further, Appellants' reliance on Bagby v. Beal, 606 F.2d 411 (3d Cir. 1979), is misplaced. There, the defendant refused to provide the plaintiff with a hearing, which the Court determined was a violation of due process, and it ordered the defendant to provide plaintiff a hearing. On appeal, the Third Circuit affirmed an award of attorney fees to the plaintiff as a prevailing party because she obtained an injunction from the district court requiring the provision of a hearing,

even though the provision of the hearing mooted the matter.  The relief obtained there was enduring as it was not vacated on appeal, and there was no further litigation that would overturn the relief granted.  Such enduring relief is not present here.

Moreover, unlike <u>Bagby</u>, the Board did not create or originate the challenged action.  More specifically, the Board, before any lawsuit was initiated in State or Federal Court, voted to count the ballots at issue.  As such, the Board, at the time the action was taken, did not violate any act, and did not take the action challenged in the instant suit until it was required to do so by Order of the Commonwealth Court of Pennsylvania that expressly directed the Board to take the challenged action.  As a result, the instant suit lacks the judicial imprimatur required to conclude the lawsuit resulted in change in the legal status between the parties.  <u>Buckhannon Bd. and Care Home, Inc.</u>

### B.    <u>Whether special circumstances render the award of attorneys' fees unjust.</u>

A determination by a Court to award attorneys' fees to a prevailing party does not end with a determination that the party received an enduring change in the legal relationship.  If the Court determines the vacated decision of the Third Circuit Court of Appeals here is legally sufficient to elevate Appellants to the status of prevailing parties, which is expressly denied, this Court must look to the circumstances surrounding the imposition of that relief to determine if an award of attorney fees is just.  <u>Newman</u>.  The Board respectfully submits the circumstances of the current litigation are special and sufficiently unique to render any such award unjust.  The decision in <u>Chastang v. Flynn & Emrich Co.</u>, 541 F.2d 1040 (4th Cir. 1976) is instructive as to the types of special considerations this Court should consider in awarding attorney fees.

In concluding an award of attorney fees was unjust in reviewing a claim for discrimination under a retirement plan, the Court weighed the following factors: (i) the action at the time it was taken was not illegal; (ii) the company acted with reasonable dispatch as soon as a murky area of

the law was clarified to redress its unintentional violation of the statute; (iii) the company had no pecuniary interest in the action and therefore had no economic incentive to violate the act; (iv) it had no right to unilaterally to alter the plan; (v) the company did not originate the discrimination that subsequently became illegal; and (vi) the discrimination was addressed prior to commencement of the suit.  Id.  In so doing, the Court noted, at most, the company participated in a passive act of discrimination that became illegal because of a change in the law.  Id.

Here, all six of the special circumstances considered by the Court in Chastang, warrant a denial of attorney fees.  First, at the time the Board ultimately made the decision to not count the votes, Pennsylvania law, including the express terms of the Pennsylvania Election Code, as well as two Court Orders, one from the Pennsylvania Supreme Court (In re Canvass 2020) and one from the Commonwealth Court (with the Supreme Court declining review of that decision) concerning the exact same ballots required the Board to exclude those ballots from consideration. Moreover, the District Court here entered an Order in favor of the Board on summary judgment, and the alleged violation of the Act at issue was unsettled until the Third Circuit Court of Appeals' decision, which was ultimately vacated by the United States Supreme Court.

Second, once the Third Circuit Court of Appeals reversed the decision of the District Court, the Board took appropriate action consistent with that Order to address the violation of the law as determined by the Third Circuit.  In addition, the Board's decision to not count the ballots can only be considered unintentional.  In fact, the Board voted, in the first instance to Count the ballots, and participated in litigation through a request for review to the Pennsylvania Supreme Court, seeking to have the ballots counted.  It was only once the Commonwealth Court concluded the ballots should not be counted and the Pennsylvania Supreme Court denied review, that the Board was ordered to not count the ballots.

Third, the Board had no pecuniary interest in not counting the ballots or having one candidate win. As a result, the Board received no benefit, pecuniary or otherwise from the action being challenged in the instant suit.

Fourth, in the absence of the Commonwealth Court Order requiring exclusion of the ballots, and the Pennsylvania Supreme Court's denial of review, the Board would have counted the ballots. In addition, the published guidance of the Pennsylvania Department of State specifically directed the Board not to count the ballots. Based on the existence of the Commonwealth Court Order and the express directives from the Department of State, the Board did not possess the authority to take any action to remedy the challenged action. Indeed, despite the Court Order and the directives from the Department of State, the Board only acted in the instant suit because the Attorney General of Pennsylvania refused to take any action to defend its own directives or to defend Pennsylvania statutory law once the suit commenced. Had the Attorney General's office complied with its legal mandate, Lehigh County would not have taken any action in the suit. Further, the only way the Board could take the action sought by Appellants was to directly ignore an enforceable court order and run the risk of being held in contempt.

Likewise, the fifth consideration exists here as well. The Board did not create the violation complained of in the lawsuit. As noted, the Department of State expressly directed the Board not to count the votes prior to the election, the Board initially voted to count the votes, and it was not until the Commonwealth Court's Order, and the subsequent refusal by the Pennsylvania Supreme Court to review the matter, that the Board voted not to count the ballots at issue. As such, the Board did not originate the violation, sought to avoid the challenged action by counting the ballots, and only took the action complained of once it was specifically ordered to do so by the Commonwealth Court of Pennsylvania.

Lastly, as the Board voted to count the votes before any litigation was instituted in either state or federal court, the temporal causation reveals that the instant suit lacks the causal connection required for the award of attorney fees to Appellants as prevailing parties.  Stated otherwise, because the Board initially voted to count the votes, it cannot be said that Appellants changed the legal relationship necessary for the imposition attorney fees.

Here, like in Chastang, at most, the Board participated in a passive violation of a statute, its purported violative actions were required by Court Order, and only became violative once this Court's Order was reversed with a change in the law in a matter of first impression in this Circuit.  Given the existence of and the number and nature of the special circumstances at issue here, imposition of an award of attorney fees in this matter is unjust.  Newman; Chastang.

**C.**     **Whether Appellants' request for attorneys' fees is reasonable under Federal Law.**

A party seeking attorney fees bears the burden to prove its request for attorney fees is reasonable.  Rode v. Dellarciprete, 892 F.2d 1177 (3d Cir. 1990).  To meet its burden, the fee petitioner must "submit evidence supporting the hours worked and rates claimed."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The starting point for determining the amount of attorney's fees to be paid is the lodestar, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Id. at 433.  The party requesting fees bears the burden of substantiating the hours expended on the litigation and the reasonableness of its requested hourly rate.  Id.  As to the number of hours expended on the litigation, the fee applicant must produce evidence "specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed."  Washington v. Phila. Cty. Court of Common Pleas, 89 F.3d 1032, 1037 (3d Cir. 1996) (internal quotation marks and citation omitted).

A defending party may object to the moving party's request for fees on the grounds that, among other things, the hours expended on the litigation were excessive, redundant, or unnecessary.  See Hensley, 461 U.S. at 434.  When assessing the reasonableness of the amount of time expended on matters, the Court may consider whether the time expended was reasonable based on the task performed or the attorney's billing rate, skill, and experience.  See, e.g., Bell v. United Princeton Props., Inc., 884 F.2d 713 (3d Cir.1989).  "[N]ormally the higher the allowed hourly rate commanded based upon skill and experience, the shorter the time it should require an attorney to perform a particular task."  Rainey v. Phila. Hous. Auth., 832 F. Supp. 127, 130 (E.D. Pa. 1993).

When examining the hours claimed by the fee applicant, the Court should exclude hours not reasonably expended. Id.  Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary.  Id.  Further, the Court may reduce the hours claimed by the number of hours "spent litigating claims on which the party did not succeed and that were 'distinct in all respects from' claims on which the party did succeed."  Rode, 892 F.2d at 1183 (citations omitted).  The Court can also deduct hours when the fee petition inadequately documents the hours claimed.  Hensley, 461 U.S. at 433.

Further, to determine the number of hours reasonably expended in the litigation, the Court must exclude hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  Martinez v. Hernando Cty. Sheriff's Office, 579 F. App'x 710, 714 (11th Cir. 2014).

As to the billing rate, the general rule is "a reasonable hourly rate is calculated according to the prevailing market rates in the community."  Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir.1997) (internal quotation marks and citation omitted).  To meet its burden of proof, the fee

applicant must "establish by way of satisfactory evidence, in addition to the attorney's own affidavits, that the requested hourly rates meet this standard." Washington, 89 F.3d at 1035 (internal quotation marks, brackets, and citation omitted).

"Testimony that a given fee is reasonable is unsatisfactory because satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." Id. "'Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work ... [and] must speak to rates actually billed and paid in similar lawsuits.'" Eason v. Bridgewater & Assocs., Inc., 108 F. Supp. 3d 1358, 1364 (N.D. Ga. 2015) (quoting Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)).

In determining a reasonable rate, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Brokerage Concepts, Inc. v. U.S. Healthcare, Inc., 1996 WL 741885 at *3 (No. Civ. A. 1995-1698, Dec. 10, 1996 E.D. Pa.)

When an adverse party raises objections to the fee petition, the Court possesses a great deal of discretion to adjust the fee award in light of the objections. Id. The aim of Section 1988 of the Civil Rights Attorney's Fees Award Act of 1976 is to enforce the covered civil rights statutes, not to provide "a form of economic relief to improve the financial lot of attorneys." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546 (1986).

Here, Appellants seek an award of attorneys' fees against the Lehigh County Board of Elections, a governmental entity, totaling approximately $250,000.00, for work performed by seven different attorneys with a combined 140 years' experience.[2] According to Appellants'

---

[2] The submission notes the participation of eight (8) attorneys but recognizes Appellants unilaterally elected to not seek an award of fees for one of the participating attorneys.

Counsel, the seven attorneys expended 526.95 hours, to write draft three legal documents and participate in a single oral argument to an end that resulted a legal nullity.

The hours submitted by Appellants are not reasonable for several reasons. First, the matter involved preparation of three legal documents and participation in a single oral argument. Further, the underlying matter, which was later briefed and argued, required neither a trial nor a single evidentiary hearing. Rather, the facts were stipulated to by the parties, and the presentations consisted solely of legal argument. Next, having 7 attorneys, all with 10 or more years of experience, 2 of whom have over 35 years' experience working exclusively on drafting briefs or answers to a motion for stay, is excessive, redundant, and otherwise unnecessary. Moreover, a review of the itemized hours presented reveals several of Appellants' attorneys were editing the same documents and participating in the same activities, including attending, "reviewing," and "listening to," but not participating in, the lone oral argument, of which an attorney with the stated amount of experience could handle or complete on their own.

Turning to the specific invoices attached to Appellants' attorney fee request, Attorney Stephen Loney, who possesses 19 years of experience, billed, at **an hourly rate of $525**:

- **42.7 hours** drafting an opening brief and a reply brief to the Third Circuit Court (for a total of $22,417.50);
- **13.7 hours** preparing for and attending oral argument despite not actually arguing the case before the Court (for a total of $7,192.50);

Next, Attorney Witold Walczak, who has over 35 years of experience, billed, **at an hourly rate of $750**:

- **31.15 hours editing a brief written by colleagues (for a total of $23,363)**; and
- **approximately 10 hours** editing an answer to a motion for stay drafted by colleagues (for a total of almost $7,500).

Attorney Marian Schneider, who also has over 35 years of experience, billed, **at an hourly rate of $750**:

- **<u>15.5 hours</u>** editing and drafting the same two briefs drafted and edited by her colleagues for a total of $11,625); and
- **<u>9.0 hours</u>** preparing for, attending, and reviewing the audio of an oral argument in an appeal she did not even argue (for a total of $6,750);

Attorney Richard Ting, who has over 18 years of experience, billed, **<u>at a rate of $475 per hour</u>**:

- **<u>27.1 hours</u>** researching issues for a principal brief and a reply brief drafted by colleagues;

Attorney Adriel I. Cepeda, who has 12 years of experience, billed, **<u>at a rate of $400 per hour</u>**:

- **<u>30.5 hours</u>** drafting and revising the same principal brief and reply brief drafted and revised by colleagues (for a total of $12,200);
- **<u>7.5 hours</u>** participating in preparation for and reviewing an oral argument she did not even attend (for a total of $3,000).

Attorney Ari Savitsky, who has 12 years of experience, **billed a total of 216.5 hours**, **<u>at a rate of $375 per hour</u>**:

- **<u>63 hours</u>** preparing for, traveling to, and attending oral argument (for a total of almost $24,000)
- **<u>107 hours</u>** drafting and revising the same principal brief and reply brief drafted and revised by colleagues and an emergency stay motion (for a total of over $40,000);

In addition, a careful review of the billing statements reveals that hours are submitted in which multiple attorneys reviewed the same documents drafted by other parties, "conferred," "corresponded," "planned," and "conferenced" resulting in an effective billable rate of over $3,600 per hour for internal functions. Considering the combined 140 years of experience, there is no reasonable justification as to why four seasoned civil rights and election law attorneys were needed to brief and argue the single issue upon which Appellants prevailed—which was previously raised and briefed in part in the associated state court litigation in <u>Ritter v. Lehigh County Board of Elections</u>, 2022 WL 16577 (Pa. Cmwlth., No. 1322 C.D. 2001, filed January 3, 2022), <u>appeal</u>

denied, 271 A.3d 1285 (Pa. 2022)—nor were the hours expended necessary for the development of the legal work produced. Further, to the extent this Court deems necessary, the Board respectfully requests a hearing to present expert testimony as to the unreasonableness of the hours and the manner in which the hours were expended.

In addition to the fact the Supreme Court vacated the only relief Appellants obtained, and the fact Appellants ultimately were <u>not successful on a single legal claim</u> by virtue of the United Supreme Court's Order, this Court should exercise its discretion to reduce the reasonable hours to zero or, at most, a nominal amount. To that end, in addition to the objections to Appellants' Counsel's billing records raised throughout the instant Brief, Appellants Counsel's invoices reveal that Plaintiff's Counsel engaged, to some extent, in "block billing." "'Block billing' occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." <u>Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking</u>, LLC, 476 F. App'x 198, 203 (11th Cir. 2012). As the Eleventh Circuit recognized, such block billing results in an imprecision in an attorneys' records. <u>Id.</u> at 203.

As set forth above, after it determines the number of hours reasonably expended, the Court must examine whether the requested hourly rate is reasonable. <u>Rode</u>. A reasonable hourly rate is calculated according to the <u>prevailing market rates in the relevant community</u>. <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984). Thus, the Court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing <u>in the community</u> for similar services by lawyers of reasonably comparable skill, experience, and reputation. <u>Blum</u>; <u>Rode</u>.

Here, seven (7) attorneys are billing at $375 per hour or more, with two attorneys seeking $750 per hour each and one seeking $525 per hour. While Appellants attempt to justify their rates based on the Philadelphia geographical area and its associated statistics, the use of such data is

improper.  As this Court is acutely aware, Allentown, Pennsylvania, in which this suit was filed and litigated, is not within the geographical area of the community of Philadelphia as it relates to the market rate for legal fees.  Additionally, to the extent the Court deems necessary, the Board respectfully requests a hearing to present expert testimony as to prevailing rates in the geographical area of the community of Allentown for similar services.

Further, the Court can adjust the lodestar downward if the lodestar is not reasonable in light of the result obtained.  Hensley, 461 U.S. at 434-37.  This general reduction accounts for time spent litigating wholly or partially unsuccessful claims related to the litigation of the successful claims. Id. at 436. This adjustment should be undertaken independently of the other adjustments. Rode; Black Grievance Comm. v. Phila. Elec. Co., 802 F.2d 648 (3d Cir.1986), vacated on other grounds, 483 U.S. 1015 (1987).

Upon review of the procedural history and the determinations made by the Federal Courts in this litigation, the Board respectfully submits any determination of the lodestar amount should be adjusted to zero or, at best, a nominal amount.  Specifically, the District Court ruled in favor of the Board on summary judgment, and while the Third Circuit reversed that determination on one count of Appellants' three-count complaint, the United States Supreme Court nullified that decision by electing to vacate the judgment.  The action of the United States Supreme Court, which included the taxing costs against Appellants, signals the Court's intent that Appellants did not prevail on the single legal claim upon which they received temporarily relief before the Third Circuit.

Based on the foregoing, any lodestar calculation should be adjusted downward on a general reduction to zero, or, at best to a nominal amount.

Respectfully Submitted,

Repka Mazin, LLC

Date:  July 6, 2023                    By: *Lucas J. Repka*

Lucas J. Repka
Pa. I.D. No. 93509
3735 Nazareth Rd., Suite 204
Easton, Pennsylvania 18045
Phone: (610) 365-2670
Email: Lucas@repkamazinlaw.com
*Counsel for the Lehigh County*
*Board of Elections, Defendant*

**IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

LINDA MIGLIORI, FRANCIS J. FOX,        :
RICHARD E. RICHARDS, KENNETH     :
RINGER, and SERGIO RIVAS,           :
                                :
          Appellants,              :
                                :
     &amp;                       :
                                :      No. 22-1499
ZACHARY COHEN,                 :
                                :
          Intervenor- Plaintiff,    :
                                :
     v.                         :
                                :
LEHIGH COUNTY BOARD OF ELECTIONS, :
                                :
          Appellee,               :
                                :
     &amp;                       :
                                :
DAVID RITTER,                 :
                                :
          Intervenor-Defendant.   :

---

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the Opposition to Motion for Attorneys'

Fees was served on all parties of record via the Court's CM/ECF system on the date set forth

below.

Date:  July 6, 2023                  By: *Lucas J. Repka*

                                       Lucas J. Repka
                                       Pa. I.D. No. 93509
                                       3735 Nazareth Rd., Suite 204
                                       Easton, Pennsylvania 18045
                                       Phone: (610) 365-2670
                                       Email: Lucas@repkamazinlaw.com
                                       *Counsel for the Lehigh County*
                                       *Board of Elections, Defendant*